IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN LABORERS HEALTH FUND,
WISCONSIN LABORERS PENSION FUND,
WISCONSIN LABORERS APPRENTICESHIP AND
TRAINING FUND, WISCONSIN LABORERS-
EMPLOYERS COOPERATION AND EDUCATION
TRUST FUND, and JOHN J. SCHMITT,

OPINION & ORDER

Plaintiffs,

16-cv-611-jdp

v.

BOB EWERS CONTRACTING, LLC,

Defendant.

---

Defendant Bob Ewers Contracting, LLC, is a small construction business operated by Bob Ewers, his two sons, and his three grandsons. Bob Ewers Contracting entered into collective bargaining agreements (CBAs) with the Wisconsin Laborers' District Council, a union that represents construction laborers. Under the CBAs, Bob Ewers Contracting agreed to reserve certain categories of work for the members of the bargaining unit and to contribute to the union's employee benefit plans. Bob Ewers Contracting employs solely Ewers family members who are not members of the union, and it does not contribute to the employee benefit plans.

Plaintiffs are benefit plans affiliated with the union and a trustee of one of those plans. Plaintiffs contend that Bob Ewers Contracting violated the terms of the CBAs by assigning the work reserved for the bargaining unit to non-bargaining unit employees and by failing to contribute to the employee benefit plans. Plaintiffs bring this case under the Employee Retirement Income Security Act of 1974 (ERISA) and the Labor Management Relations Act of 1947 (LMRA), although it is essentially a breach-of-contract action.

Plaintiffs move for summary judgment on liability. Dkt. 10. The court concludes Bob Ewers Contracting breached the CBAs in two ways. First, Bob Ewers Contracting failed to contribute to the employee benefit plans for Ewers family members who are employees covered by the CBAs. Second, Bob Ewers Contracting assigned work reserved for the members of the bargaining unit to family members who are not members of the bargaining unit.

Damages will be determined at the bench trial scheduled for November 16, 2017.

UNDISPUTED FACTS

Plaintiffs Wisconsin Laborers Health Fund, Wisconsin Laborers Pension Fund, Wisconsin Laborers Apprenticeship and Training Fund, and Wisconsin Laborers-Employers Cooperation and Education Trust Fund are employee benefit plans affiliated with the Wisconsin Laborers' District Council, the union that represents construction laborers. Plaintiff John J. Schmitt is a trustee and beneficiary of Wisconsin Laborers Health Fund. Defendant Bob Ewers Contracting, LLC, is a Wisconsin limited liability company.[1]

A.  **Collective bargaining agreements**

Plaintiffs' claims arise from two CBAs: the Heavy and Highway Construction Agreement effective from June 1, 2009, to May 31, 2014, Dkt. 14-4, and the Heavy and Highway Construction Agreement effective from June 1, 2014, to May 31, 2017, Dkt. 14-5. The parties agree that these two CBAs are identical for the purposes of this lawsuit except for the time they cover. Each CBA is an employment contract between the Wisconsin

---

[1] The parties allege in their pleadings that Bob Ewers Contracting is a corporation, despite the LLC designation. Dkt. 8, ¶ 6 and Dkt. 9, ¶ 6. This appears to be a mistake, and the court will instead rely on the public records filed at the Wisconsin Department of Financial Institutions, which indicate that Bob Ewers Contracting is a limited liability company. *Corporate Records*, Wisconsin Department of Financial Institutions, https://www.wdfi.org/ apps/CorpSearch.

Transportation Employers Council and the Wisconsin Laborers' District Council. Bob Ewers Contracting is a signatory contractor and is bound by both CBAs.

Under the CBAs, each signatory contractor must contribute to pension, health, training, and education funds for all hours worked by "Laborers." Dkt. 14-4, Arts. XIII–XV, and Dkt. 14-5, Arts. XIII–XV. The CBAs do not expressly define the term "Laborers," but they identify the categories of work reserved for Laborers. Each CBA provides under Article IV(3) that "[t]he handling of all materials to point of erection and final stripping shall be the assigned work of the Laborer." Article IV(4) provides that certain enumerated tasks performed in highway construction, such as digging ditches, laying storm sewers, tunnel and shaft construction, and compacting, are "tasks performed by Laborers." Article IV(4) also identifies the tools Laborers often use to perform their work, including shovels and compactors. Article XI provides sub-classifications of Laborers, such as pipelayer, topmen, and bottommen.

The CBAs prohibit a contractor from assigning Laborer work to employees who are not members of the bargaining unit. Article IV(1) in each CBA says:

> The Contractor agrees to respect the jurisdiction, rules and agreement of the Union under this agreement and shall not direct or require its employees or persons other than the employees in the bargaining unit here involved, to perform work which is recognized as the work of the Laborers in said unit.

Dkt. 14-4, Art. IV(1), and Dkt. 14-5, Art. IV(1).

## B. The Ewers family business

Bob Ewers Contracting is a construction company. Bob Ewers Contracting's workforce comprises six employees: Bob Ewers, his two sons, Dean Ewers and Dale Ewers, and his three grandsons, Chris Ewers, Kevin Ewers, and Dale Ewers Jr.

Bob, Dean, and Dale ordinarily operate heavy equipment. The parties agree that operating heavy equipment is not Laborer work. These three individuals are members of another union, the Operating Engineers Union, but they are not members of the union defined in the CBAs, the Wisconsin Laborers' District Council.

Bob Ewers Contracting concedes that Bob, Dean, and Dale have performed at least some Laborer work. For example, Bob and Dale laid pipes. Dkt. 19, ¶ 8. Dean occasionally put pipes in ditches. *Id*. ¶¶ 9, 23. Dale occasionally compacted dirt. *Id*. ¶ 14. All three individuals occasionally worked with shovels and installed piping and water mains. *Id*. ¶ 12. They also fastened pipes, carried pipes to ditches, acted as topmen by lowering pipes into ditches, and connected pipes. *Id*. ¶ 13.

The court has subject matter jurisdiction under 29 U.S.C. § 1132(e), which confers jurisdiction on district courts for ERISA claims.

ANALYSIS

A court must grant summary judgment when no genuine issue of a material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Although the court must view the evidence in a light most favorable to the nonmoving party, "the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Asserted facts must be supported by admissible evidence, and a genuine issue of a material fact "arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Springer v. Durflinger*,

518 F.3d 479, 483 (7th Cir. 2008) (quoting *Sides v. City of Champaign*, 496 F.3d 820, 826 (7th Cir. 2007)).

Plaintiffs asserted claims against Bob Ewers under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 301 of LMRA, 29 U.S.C. § 185. Plaintiffs do not identify the provision for which they move for summary judgment, *see generally* Dkt. 10, but the court takes plaintiffs to be seeking summary judgment on their claim under Section 515 of ERISA, 29 U.S.C. § 1145, which allows a multi-employer pension fund to enforce a CBA's terms against an employer. *See also Ill. Conference of Teamsters & Emp'rs Welfare Fund v. Mrowicki*, 44 F.3d 451, 458 (7th Cir. 1994).

Plaintiffs contend that Bob Ewers Contracting breached the CBAs by failing to contribute to the employee benefit funds for Dale's and Dean's work because they are "Laborers" and thus employees covered under the CBAs. Bob Ewers signed the CBAs as an employer, and plaintiffs do not contend that Bob Ewer is an employee covered by the CBAs. Plaintiffs also contend that Bob Ewers Contracting breached the CBAs by assigning Laborer work to Ewers family members when that work should have been assigned to members of the bargaining unit.

## A. Failure to contribute for Dale and Dean Ewers

Under the CBAs, Bob Ewers Contracting must contribute to the funds based on the hours worked by Laborers, but the CBAs do not define the term "Laborer." Plaintiffs contend that a Laborer means an employee who performs Laborer work specified under Article IV, and because Dale and Dean performed such work, they are Laborers. Bob Ewers Contracting, on the other hand, contends that "Laborer" means "member of the Laborer's union and that

because Dale and Dean "are members of the Operating Engineers Union they cannot be members of a bargaining unit of another union, such as the Laborers." Dkt. 17, at 3.

Under Section 515 of ERISA, "[e]mployers are required to make contributions only on behalf of those employees indicated by the agreements." *Cent. States, Se. & Sw. Areas Pension Fund v. Hartlage Truck Serv., Inc.*, 991 F.2d 1357, 1360 (7th Cir. 1993). The court must begin by examining the language of the collective bargaining agreement, applying the "ordinary principles of contract law." *M & G Polymers USA, LLC v. Tackett*, 135 S. Ct. 926, 933 (2015). The court must enforce an unambiguous term in a collective bargaining agreement. *Chi. Reg'l Council of Carpenters Pension Fund v. Schal Bovis, Inc.*, 826 F.3d 397, 406 (7th Cir. 2016), *cert. denied*, 137 S. Ct. 819 (2017). "If an agreement lends itself to one reasonable interpretation only, it is not ambiguous and can be construed as a matter of law." *Id*.

The CBAs use the terms "Laborer" and "employees covered" more or less interchangeably: Articles XIII through XV provide that the amount of a contractor's contribution depends on the hours worked by "Laborers"; Article XVII provides that the contractor's obligation is to contribute to the funds for "all employees covered by this agreement." The CBAs define the term "employee" this way:

> "Employees" shall include only those persons employed by the Contractor coming within the jurisdiction of Laborers' International Union of North America and specifically set forth in ARTICLE IV (Jurisdiction and Classification) and incidental thereto.

Dkt. 14-4, Art. I(2). As the terms are used in the CBAs, a Laborer is the same as an employee, which means a person who comes within the jurisdiction of the union.

So the next question is what it means to come within the jurisdiction of the union. One possibility is that only actual union members come within a union's jurisdiction, as Bob Ewers

Contracting contends. But that requires a strained reading of the CBA, because it would have been so much easier to say simply "employees include only members of the union." And in Article IV, Jurisdiction and Classification, the CBAs make clear that the jurisdiction of the union extends to certain categories of work, not merely to the work of its own members.

The court will follow the approach used in *Joe McClelland*, 23 F.3d 1256, in which the court of appeals considered a similar provision in a collective bargaining agreement. The phrase in *Joe McClelland* was "all drivers . . . who come under the jurisdiction of the [union.]" *Id*. at 1258. The court reasoned that "the 'jurisdiction of the [union]' could mean either the members of the bargaining unit for which the [union] is the exclusive representative, or all employees performing tasks of a kind that the union sometimes organizes." *Id*. The court rejected the first interpretation as "patently illegal," *id*., because 29 U.S.C. § 158(a)(3) prohibits "discrimination in regard to . . . any term or condition of employment" based on union membership. The court embraced the second alternative interpretation. The plaintiff had adduced the union's constitution, which authorized the union to organize and represent "all who are employed on or around . . . trucks . . . and all other vehicles . . . ." *Cent. States, Se. & Sw. Areas Pension Fund v. Joe McClelland, Inc.*, No. 92-cv-3514, 1993 WL 191800, at *1 (N.D. Ill. June 4, 1993). Considering the union's constitution and the CBAs together, the court concluded that the meaning of "come under the jurisdiction of the [union]" was unambiguous: the jurisdiction included all employees who drove, regardless of union membership. *Id.* at *5; 23 F.3d at 1258–59.

We have similar language here, although it comes directly from the CBAs rather than from the union's constitution. Article IV(3) and (4) of the CBAs define the union's jurisdiction by listing the types of work reserved for union members. Even though the CBAs here are not

artfully drafted, the meaning is clear: Dale and Dean did work that was within the union's jurisdiction, so for purposes of the CBAs, they were Laborers.

Bob Ewers Contracting's another argument to the contrary is that Dean and Dale are not Laborers because they performed only an incidental amount of Laborer work. Bob Ewers Contracting relies on Wis. Admin. Code DWD 290.03, which says:

> A laborer, worker, mechanic or truck driver that performs work in more than one occupational classification during a given work week shall be cross-classified and compensated for all work performed in each classification, unless work other than the primary classification is incidental work.

This provision is part of the Wisconsin Administrative Code relating to the state's prevailing wage law. The incidental work provision requires contractors to pay the prevailing wage for the employees' primary classification if they did incidental work in another classification. But Bob Ewers Contracting does not explain how the prevailing wage regulation would have any effect on its obligations under the CBAs. This is a case in which plaintiffs' "claims are based on contracts rather than principles of labor law." *Moriarty v. Larry G. Lewis Funeral Dirs. Ltd.*, 150 F.3d 773, 776 (7th Cir. 1998). Nothing in the CBAs indicates that Laborer status turns on the amount of Laborer work performed by an employee.

Bob Ewers Contracting also makes an equitable argument that if it were forced to contribute to the funds associated with the Laborers' union, then it would have to pay double contributions because Dale and Dean are members of the Operating Engineers' Union. Bob Ewers Contracting has not adduced a CBA with the Operating Engineers' Union; nor has it adduced evidence that it has been paying contributions to that union. Ultimately, Bob Ewers Contracting must meet its obligations under its contracts with the Wisconsin Laborers' District Council. The Seventh Circuit has rejected a similar argument this way:

> [I]f a CBA with X union directs that contributions to a designated fund must be made for hours worked on a job covered by the CBA, the fund can insist on payment even if the work is done by members of union X or by persons unaffiliated with any union. The Fund's claim is based on the terms of the CBA, not on principles of labor law. If the CBA provides that contributions to the Fund are to be made for glazing work, [the employer] cannot avoid his obligations by assigning that work to nonunion members or, as here, members of a different union.
>
> [The employer] essentially admits that the work on the two questioned projects is covered by the glazier CBA. It is unfortunate that [the employer] will now have to contribute to the funds of two unions, but he is in a pickle that he created.

*Trustees of The Glaziers, Architectural Metal & Glass Workers Local Union No. 27 Welfare & Pension Funds v. Gibson*, 99 F. App'x 740, 741 (7th Cir. 2004).

In sum, plaintiffs have shown that Dale and Dean Ewers are Laborers who performed work covered by the CBAs. Bob Ewers Contracting has breached the CBAs by failing to contribute on their behalf to the benefit funds.

## B. Failure to assign Laborer work to bargaining unit members

Plaintiffs allege another breach of the CBAs: that Bob Ewers Contracting assigned Laborer work to Bob, Dale, and Dean. Article IV(1) prohibits a contractor from assigning Laborer work to an employee who is not a member of the bargaining unit. And Bob Ewers Contracting concedes that Bob, Dale, and Dean performed at least some Laborer work but does not indicate that any of them is a member of the bargaining unit. This is a breach of the CBAs. *Cf. Cent. States, Se., Sw. Areas Pension Fund v. George W. Burnett, Inc.*, 451 F. Supp. 2d 969, 981 (N.D. Ill. 2006) (employer violated CBAs by assigning bargaining unit work to individuals not covered by CBAs).

Again, Bob Ewers Contracting's argument to the contrary is it had no obligation to employ Laborers because the company had only an incidental need for such a workforce. But

9

as already discussed, the terms of the CBAs govern, and Bob Ewers Contracting does not identify an exception for incidental work.

## C. Damages

Plaintiffs filed a "notice on summary judgment" after briefing their summary judgment motion. Dkt. 43. Plaintiffs say that they have come to an agreement with Bob Ewers Contracting that the company's obligation to contribute is limited to the hours spent on "heavy and highway projects and municipal sewer and water work." *Id*. at 1. Plaintiffs explain:

> The Plaintiffs are therefore modifying the nature of the summary judgment on liability that they request for the Court to enter: The Court should find that Bob Ewers Contracting must contribute to the Plaintiff Funds for all hours worked by Dale Ewers and Dean Ewers on either heavy & highway, or municipal sewer and water projects, leaving for trial only the following damages issues: (a) The amount of either heavy & highway, or municipal sewer and water projects worked on by Bob Ewers Contracting during the time period of October of 2011 through June of 2016; and (b) the amount of covered work that Bob Ewers Contracting assigned to Bob Ewers.

*Id*. at 2. The court accepts the clarification, and at trial, plaintiffs' recovery will be limited to the projects listed above.

Plaintiffs moved for summary judgment only on liability, but the parties' briefs touched on damages, so the court will clarify some damages issues here. For failure to contribute to the benefit plans for Dean's and Dale's work, Bob Ewers Contracting must contribute for all hours worked by Dean and Dale on covered projects, regardless of the nature of the work performed. Dean and Dale are covered employees, and Bob Ewers Contracting's obligation to contribute under Articles XIII through XVI does not depend on how much time Dean and Dale spent on Laborer work. The court will enforce the fringe benefit provisions as written.[2]

_____

[2] District courts in this circuit have reached the same conclusion with similar collective

Bob Ewers Contracting's breach for assigning Laborer work to Bob Ewers requires a different analysis. Bob Ewers is not an employee covered by the CBA, so Articles XIII through XVI do not apply to him. Instead, under ordinary principles of compensatory damages, the court should "put an injured plaintiff in the same financial position that it would have been in if the defendant had not breached its duty." *Illinois Sch. Dist. Agency v. Pac. Ins. Co.*, 571 F.3d 611, 617 (7th Cir. 2009). Plaintiffs may recover the contributions Bob Ewers Contracting would have paid had it complied with its obligation to assign Laborer work to members of the union. This amount depends on the hours that members of the bargaining unit would have spent to complete the tasks that should have been reserved to them, and that number of hours will be determined at trial. *Cf. Boudreau v. Gentile*, 646 F. Supp. 2d 1016, 1025 (N.D. Ill. 2009) ("[D]efendants violated the CBAs and are liable for contributions that would have been owed had defendants abided by the CBAs and used 'employees.'").

The next issue is the burden of proof. Plaintiffs contend that they are entitled to evidentiary presumption because Bob Ewers Contracting kept shoddy records. Under the burden-shifting framework applicable to federal pension and welfare cases, a plaintiff might enjoy an evidentiary presumption when an employer keeps "substandard records." But such a presumption is part of pretrial management, and it does not apply at trial. *Chi. Dist. Council of*

---

bargaining agreements. *See Chi. Dist. Council of Carpenters Pension Fund v. Hamstra*, No. 83 C 1231, 1986 WL 8034, at *4 (N.D. Ill. July 17, 1986) ("Since these Agreements do not distinguish between carpentry work and non-carpentry work, it is apparent that the parties to the Agreements intended to require contributions for hours spent performing carpentry and noncarpentry work."); *Chi. Dist. Council of Carpenters Pension Fund v. Exhibition Contractors Co.*, 618 F. Supp. 234, 238 (N.D. Ill. 1985) (requiring the employer to pay for all hours worked by a covered employee "regardless of the type of work performed" when the CBA that stated, "[t]he contributions, as aforesaid, shall accrue with respect to all hours worked by any employee.").

*Carpenters Pension Fund v. Reinke Insulation Co.*, 347 F.3d 262, 264–65 (7th Cir. 2003); *see also Bauwens v. Nw. Mech. Constr., Inc.*, No. 15-cv-2863, 2017 WL 4122631, at *4 (N.D. Ill. Sept. 15, 2017) ("[T]here is no 'evidentiary presumption' at trial that the defendant bears the burden of overcoming."). That does not mean that an employer's shoddy record-keeping is irrelevant. It is simply part of the evidence that the trier-of-fact considers in determining whether a plaintiff has met its burden of proof.

One last thing. This summary judgment order comes less than two weeks before the scheduled bench trial. Fortunately, the issues to be resolved at trial are now clearly defined and limited. Nevertheless, at the final pretrial conference, the court will address whether the parties need to amend their pretrial submissions or whether other accommodations are needed.

ORDER

IT IS ORDERED that Plaintiffs Wisconsin Laborers Health Fund, Wisconsin Laborers Pension Fund, Wisconsin Laborers Apprenticeship and Training Fund, John J. Schmitt, and Wisconsin Laborers-Employers Cooperation and Education Trust Fund's motion for summary judgment as to defendant Bob Ewers Contracting, LLC's liability, Dkt. 10, is GRANTED.

Entered November 6, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge